IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIMOTHY DAVID WILLIAMS                                                           PLAINTIFF

v.                                    Civil No. 1:17-cv-01036

SHERIFF RICKY ROBERTS,
Union County, Arkansas; CAPTAIN
RICHARD MITCHAM;
LIEUTENANT KEVIN
PENDLETON; and LIEUTENANT
STEVE GREEN                                                                      DEFENDANTS

## ORDER

On May 26, 2017, Plaintiff Joseph C. Harper filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). Before the Court is Plaintiff's failure to obey orders of the Court.

In the order granting IFP status, the Court advised Plaintiff that he was required to immediately inform the Court of any change of address and that failure to do so may result in the dismissal of this case. (ECF No. 3). On September 6, 2017, Defendants filed a Motion to Compel stating Plaintiff had failed to respond to discovery requests. (ECF No. 14). That same day mail sent to Plaintiff at his address of record was returned with no forwarding address provided.[1] On September 25, 2017, the Court granted Defendants' Motion to Compel and directed Plaintiff to respond to the requests by October 13, 2017. (ECF No. 16). This Order advised Plaintiff that failure to comply would subject this case to dismissal. On October 16, 2017, Defendants filed a Notice informing the Court that Plaintiff had not responded to the discovery requests. (ECF No. 19).

---

[1] Mail sent to Plaintiff was also returned with no forwarding address provided on October 6, 2017. (ECF No. 18).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 19th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge